IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC HALL, : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 1:CV-06-1528 |
| vs. : | |
| : | (Judge Caldwell) |
| ROBERT SHANNON, *et al.*, : | |
| : | |
| Respondent : | |

*M E M O R A N D U M*

*I.   Introduction.*

On August 7, 2006, pro se plaintiff, Eric Hall, an inmate housed at the Frackville State Correctional Institution ("SCI-Frackville"), Frackville, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Presently before the Court is Hall's Amended Complaint (doc. 40), Motion to Stay (doc. 43), Motion to Preserve Key Evidence (doc. 58), Motion to Correspond with Inmate Witnesses (doc. 72) and Motion to Compel Discovery (doc. 75).

Prior to resolving the various motions, the Court must screen the Amended Complaint pursuant to 28 U.S.C. § 1915 as Plaintiff is proceeding in forma pauperis.  Having done so, the Court will dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 20, and deny Hall's various motions.  Defendants will be

directed to file an Answer to the original Complaint (doc. 1) or notify the Court if they intend to reinstate their previously filed Motion to Dismiss the Complaint or for a More Definite Statement and supporting brief (docs. 18 and 20).

*II.   Background.*

Plaintiff filed his original Complaint on August 7, 2006, complaining about events that occurred in July and August of 2004.  (Doc. 1).  Plaintiff named Superintendent Shannon, Corrections Officer ("CO") John Pugliese, Hearing Examiner Charles McKeown, Deputy Kerestes, Barbara Tritt, and Chief Hearing Examiner Bitner as Defendants.  (*Id.*)  He alleges that he complained to SCI-Frackville prison staff that CO Pugliese was harassing him.  CO Pugliese allegedly denied Hall opportunities to shower, tampered with his personal property and threatened to send him to the institution's Restricted Housing Unit ("RHU") if he complained.  On August 5, 2004, CO Pugliese issued Hall a retaliatory misconduct after Plaintiff complained to his Unit Manager of CO Pugliese's harassment and mistreatment.  (Doc. 1, Complaint).

Hearing Examiner Charles McKeown presided over Hall's misconduct hearing where Hall presented the testimony of inmate McNeil.  At the conclusion of the hearing, Hall was found guilty

-2-

of all charges and sanctioned 90 days' disciplinary custody ("DC"), August 5, 2004, through November 2, 2004. (*Id.*) Hall then appealed his misconduct hearing results through the Program Review Committee ("PRC") where J. Kerestes and B. Tritt concurred in the Hearing Examiner's findings. Superintendent Shannon agreed with the finding of guilt but reduced Hall's DC time to 60 days. Chief Hearing Examiner denied Hall's appeal at final review. (*Id.*)

At Hall's first PRC review before Kerestes, Miller and Kepner, Plaintiff told the PRC members that CO Pugliese issued him the misconduct in retaliation. Kerestes advised Hall that with positive housing reports he would consider Hall's early release from the RHU. On September 4, 2004, at his next PRC review before Kerestes, Tritt and Miller, Hall again repeated his claims that the misconduct was issued by CO Pugliese in retaliation for his complaints about his harassment. Kerestes then threatened Hall telling him "to either stop lying on the officer or he would not release [him] that day." (*Id.* at ¶ 15). Hall discontinued raising the issue and the PRC set Hall's release from DC as September 16, 2004. (*Id.*)

Hall, however, was not released back to general population until September 21, 2004, allegedly due to the unavailability of cell space. (*Id.* at ¶ 15). Hall filed grievance no. 96783 challenging his untimely release from the RHU.

-3-

The grievance was denied by Lt. Shade.  Hall filed a second grievance, no.96781, concerning the emotional harm he suffered as a result of being exposed to excessive noise made by mentally ill inmates housed in the RHU.  Lt. Shade denied that grievance as well and referred Hall to the institution's psychiatrist

Hall was later placed on psychotropic medication by Dr. Chakarovorty.  Hall continues to take psychotropic medication.  Hall complains that during his 48 days in the RHU he was denied contact visits, phone calls, access to the law library or commissary, reduced access to recreation and rehabilitative programs.  (*Id.*)

On September 18, 2006, the Court screened his complaint, granted him in forma pauperis standing, and served the complaint on the named defendants.  On October 16, 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint or for More Definite Statement (doc. 18).  After receiving an enlargement of time to respond to Defendants' motion, Hall filed a motion for leave to file a supplemental complaint (doc. 33).  On December 4, 2006, the Court dismissed Defendants' Motion to Dismiss the Complaint or Motion for a More Definite Statement without prejudice based on Plaintiff's request to file an amended complaint.  (Doc. 40).

On December 26, 2006, Plaintiff filed his Amended Complaint.  (*See* Doc. 48).  Hall names as defendants in his

Amended Complaint the following SCI-Frackville Department of Corrections ("DOC") employees: David Varano, Deputy Superintendent for Facilities Management; Joseph Miller, Major of the Guard; Hearing Examiner Kevin Kane; Captain Kneal, Intelligence Captain; Lt. William Shade, 8 a.m. - 4 p.m. RHU Lieutenant/Area Commander; Sgt. Stotler, 2 p.m. - 10 p.m. RHU Sergeant; Sgt. Jepson, 2 p.m. - 10 p.m. RHU Relief Sergeant; CO Reichert; CO Sarkowski; CO Hughes; CO Albert; Suzanne L. Domekakes, Librarian; and Donald E. Dudash, Sr., Assistant Librarian. (*Id.*)

Briefly stated, the Amended Complaint seeks to add new defendants and new claims for events that occurred in July through October 2006. Hall pleads access-to-courts claims, harassment and retaliation by correctional officers other than CO Pugliese, interference with his legal mail, medical claims, an allegation of an October 18, 2006, assault by RHU officers, and the issuance of false and retaliatory misconducts. (*Id.*)

*III.   Discussion.*

   *A. Hall's Amended Complaint.*

Plaintiff's Amended Complaint seeks to add new claims and new defendants to his present action while expressing his intent to litigate the claims in his original complaint. Thus

-5-

Hall did not follow the Court's direction with respect to the filing of his Amended Complaint. Hall was cautioned by the Court on December 4, 2006, that his Amended Complaint was to stand on its own without relation back to his original Complaint. Clearly, his Amended Complaint does not comport with this direction as it omits any reference to any of the allegations against the first group of defendants presented in the original complaint. As such, Hall's Amended Complaint adding new defendants and claims implicates concerns as to the propriety of joining in one action defendants and claims that have no necessary relation to the original complaint. Federal Rule of Civil Procedure 20, titled Permissive Joinder of Parties, sets forth the proper test for determining whether parties are properly joined in an action. In pertinent part, Fed.R.Civ.P. 20 reads:

> (a) Permissive Joinder. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or *arising out of the same transaction, occurrence, or series of transactions or occurrences* and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a)(emphasis added).

If the proposed additional defendants and claims are added to this action, there would be at least three distinct, unrelated groups of defendants. The first group, those named in the original Complaint, and the claims against them, stem from the alleged retaliatory act of CO John Pugliese and Hall's dissatisfaction with the PRC's failure to release him to general population earlier than September 21, 2004. The second group of defendants, proposed new defendants Domakekes and Dudash, are alleged to have interfered with Hall's access to the courts, events that occurred in July 2006, almost two years after the events complained of involving the first group of defendants and which bear no relation to those claims. The third group of defendants are those involved in the alleged October 2006 mistreatment and assault of Hall while housed in the RHU. The third group of defendants have no ties, factually or legally, to the allegations involving the first or second group of defendants other than all events occurred at SCI-Frackville.

Therefore, Hall's request to join these three groups of defendants and claims in the present action is inconsistent with Rule 20's requirement of relatedness in terms of subject matter and legal claims. Thus, Hall's Amended Complaint Adding Additional Defendants (doc. 48) will be dismissed. Hall will not

be prejudiced by this ruling as he may file a separate action to pursue claims asserted in his Amended Complaint.

Defendants will be directed to file an Answer or otherwise respond to the original complaint meaning that they may renew their original motion to dismiss by filing a notice of intent with the Court. The Court will then direct the Clerk of Courts to redocket the same and provide Plaintiff with a response date. Defendants would be permitted to file a Reply Brief to Plaintiff's filing in accordance with the Federal Rules of Civil Procedure.

*B. Hall's Motion to Stay*

Prior to filing his Amended Complaint, Hall filed a Motion to Stay the requirement of filing his Amended Complaint while he pursued his available administrative remedies related to his new claims. The United States Court of Appeals for the Third Circuit has clearly stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (not precedential). Thus, Hall's motion will be denied. Additionally, the Motion was mooted when Plaintiff filed his Amended Complaint.

C. Hall's Motion to Preserve Key Evidence.

In his Amended Complaint Hall claims that he was assaulted by various SCI-Fracville corrections officers on October 18, 2006.  He claims the assault was captured in its entirety on the RHU's security surveillance cameras.  He fears that the video of his assault will be destroyed by defendants if the Court does not intervene.  Based on our ruling to reject Plaintiff's Amended Complaint as a violation of Fed. R. Civ. P. 20, we will deny Hall's Motion to Preserve Key Evidence as it relates to issues outside of this action.

*D. Hall's Motion to Correspond with Inmate Witnesses.*

Plaintiff has requested to correspond with 11 identified inmates witnesses who he believes will provide affidavits necessary for him to oppose defendants' motion to dismiss or a summary judgment motion.[1]  Plaintiff claims some of the witnesses have been transferred to other facilities.[2]  The Court takes judicial notice of the policy of the Pennsylvania Department of

---

[1] We note that several of the identified inmate witnesses have already provided affidavits in support of Plaintiff's original complaint.  (*See* Doc. 1, Complaint).

[2] According to the Department of Corrections inmate locator, the Court has verified that 7 of the identified inmates are presently located at SCI-Frackville, 2 are at other DOC facilities, and 2 are no longer incarcerated within the DOC.

Corrections', *see* DC-ADM 803, *Inmate Mail and Incoming Publications Policy*, that prohibits inmates from "corresponding with inmates, former inmates, parolees, probationers, co-defendants, or victims of the inmates' criminal acts except *with the written approval of the Facility Manager.*" Hall avers that Superintendent Shannon "denied both of my requests to correspond with my witnesses," thus necessitating this Court's intervention.

The Court will deny Hall's motion without prejudice as it is unclear which inmate witnesses are relevant to the remaining claims in this action as it has been narrowed by our ruling today. Once Hall identifies the inmate witnesses relevant to the remaining claims in this action - the claims asserted in the original complaint, he must provide the Court with copies of his requests to Superintendent Shannon, as well as Superintendent Shannon's denials of his requests to correspond with each identified inmate.  Hall will also need to provide an offer of proof as to each witnesses' expected testimony prior to consideration of such a request.

Furthermore, Hall will not be prejudiced by this decision as defendants have yet to file an answer or other response to his Complaint and thus he is not yet required to defend his factual assertions.  For these reasons, Hall's Motion

Seeking to Correspond with Inmate Witnesses for the Limited Purpose of Receiving Affidavits will be denied without prejudice.

    *E. Hall's Motion to Compel Discovery.*

    Hall's Second Motion to Compel Discovery seeks to have Defendants respond to interrogatories and requests for production of documents posed to them in early November 2006 at the inception of this action.  The Court granted defendants' stay of discovery on December 4, 2006, pending the filing of Plaintiff's Amended Complaint.  The Court has decided not to lift the stay of discovery until Defendants have filed an Answer or otherwise responded to the Complaint.  A renewed Motion to Dismiss, if successful, may, for example, make discovery unnecessary.

    We will issue an appropriate order.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge

Date:  May 31, 2007

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ERIC HALL,                        :
                                  :
     Petitioner                   :
                                  :   CIVIL NO. 1:CV-06-1528
     vs.                          :
                                  :   (Judge Caldwell)
ROBERT SHANNON, et al.,           :
                                  :
     Respondent                   :
```

*O R D E R*

AND NOW, this 31st day of May, 2007, for the reasons set forth in the accompanying Memorandum, it is Ordered that:

1. Hall's Amended Complaint Adding Additional Defendants (doc. 48) is DISMISSED as it violated Fed. R. Civ. P. 20.

2. Hall's original Complaint (doc. 1), filed August 7, 2006, stands as the current Complaint in this matter.

3. Hall's Motion to Stay (doc. 43), is DENIED as moot.

4. Hall's Motion to Preserve Key Evidence (doc. 58) is DENIED.

5. Hall's Motion to Correspond with Inmate Witnesses (doc. 72) is DENIED without prejudice.

6. Hall's Second Motion to Compel Discovery (doc. 75) is DENIED.

7. Within twenty (20) days of the date of this Order, Defendants shall file

```
			an Answer or otherwise respond to
			the Complaint.  Defendants may renew
			their original motion to dismiss and
			supporting brief (docs. 18 and 20)
			in this matter by filing a notice of
			intent with the Court.


						/s/William W. Caldwell
						William W. Caldwell
						United States District Judge
```